UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 12, 2013

LETTER TO COUNSEL:

   RE: *Jackie Lawrence Maddox, Jr. v. Commissioner, Social Security Administration*;
     Civil No. SAG-12-3080

Dear Counsel:

  On October 18, 2012, the Plaintiff, Jackie Lawrence Maddox, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, Mr. Maddox's reply, and the Commissioner's surreply. (ECF Nos. 14, 18-20, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Maddox filed his claims on August 21, 2009, alleging disability beginning on January 8, 2009. (Tr. 126-32). His claims were denied initially on May 21, 2010, and on reconsideration on January 14, 2011. (Tr. 73-77, 81-84). A hearing was held on June 16, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 29-68). Following the hearing, on July 22, 2011, the ALJ determined that Mr. Maddox was not disabled during the relevant time frame. (Tr. 6-28). The Appeals Council denied Mr. Maddox's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Maddox suffered from the severe impairments of obesity, status post injuries/surgery to right foot, degenerative disc disease, history of back fusion (2006), and depression. (Tr. 12). Despite these impairments, the ALJ determined that Mr. Maddox retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except; posturals all occasional, he can sit for 6 hours in an 8-hour workday, stand/walk for 2 hours in an 8-hour workday with no climbing of a ladder, rope or scaffold. In general, he must avoid pushing/pulling with the right lower extremities and avoid exposure to environmental hazards and wetness along with background noise. He can perform simple unskilled work, not at a production pace or assembly line work.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that that there were jobs existing in significant numbers in the national economy that Mr. Maddox could perform, and that he was not therefore disabled. (Tr. 23).

Mr. Maddox raises several arguments in support of his appeal: (1) that the ALJ erred in concluding that he did not meet Listing 1.02 (major dysfunction of a joint); (2) that the RFC was not supported by substantial evidence; (3) that the ALJ erred in making an adverse credibility finding; (4) that the ALJ afforded insufficient weight to his treating physician; (5) that the hypothetical presented to the VE was inadequate; and (6) that the ALJ erred in failing to consider his disability rating from the Veterans' Administration ("VA"). Each argument lacks merit.

First, Mr. Maddox contends that his right ankle impairment meets or equals the criteria of Listing 1.02A (major dysfunction of a joint). Pl. Mot. 29-33. Mr. Maddox cites evidence suggesting that many of the criteria of the Listing may have been met, including anatomical deformity, limitation of motion, and chronic pain.[1] *Id.* However, Listing 1.02A also requires an inability to ambulate effectively, and that criterion is not satisfied in Mr. Maddox's case. Under the Listings, "inability to ambulate effectively" is defined "generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b)(1) (internal citations omitted). The regulation provides examples of ineffective ambulation, such as "the inability to walk without the use of a walker [or] two crutches or two canes." *Id.* §1.00(B)(2)(b)(2). Mr. Maddox cites to two treatment notes. Pl. Mot. 30-31. One, from August 2009, instructed Mr. Maddox to use crutches as he continued to recover from talonavicular fusion surgery on his right foot. (Tr. 264). The note also indicated he was "healing well." *Id.* The other, from July 2010, suggested that "at the end of the day he needed to get his crutches out." (Tr. 338). The sporadic use of crutches does not evidence an inability to walk without them. The ALJ clearly identified and considered Listing 1.02A, and without "ample evidence in the record to support a determination" that all of the criteria have been satisfied, the ALJ's analysis was not deficient. *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999).

Mr. Maddox next contends that the ALJ's RFC analysis failed to address his ability to perform the specific physical requirements of both light and sedentary work, particularly his ability to sit, stand, walk, lift, and carry. Pl. Mot. 33-38. In fact, however, the ALJ provided a detailed summary of the medical records in support of his RFC, which specifically addressed the lengths of time Mr. Maddox could sit, stand, and walk. (Tr. 16-22). As the ALJ notes, the RFC is supported by the opinions of the state agency consultants (Tr. 21, 299-305, 396). The RFC is further supported in part by the opinion of examining physician Dr. Zamani. (Tr. 297-98). Those opinions constitute substantial evidence on which the RFC rests.

---

[1] However, the ALJ cites to contradictory evidence of record suggesting that those criteria may not have been met. *See, e.g.* (Tr. 19) ("While being examined on February 25, 2010, the claimant admitted to the pain medication helping without side effects; this is noted throughout most of the remainder of the record. Additionally, in August 2010, no deformities were noted of the claimant's right ankle or heel.").

Mr. Maddox further contests the ALJ's adverse credibility finding. Pl. Mot. 38-39. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as pain. *See Craig v. Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. In more than five pages of analysis, the ALJ reviewed the evidence of Mr. Maddox's activities of daily living including shopping, cooking, driving, and attending meetings of the fire department, his non-compliance with prescribed treatment, his success in alleviating pain with medication, the medical records showing more moderate symptoms, and his significant gaps in treatment. (Tr. 16-22). The ample evidence cited by the ALJ supports her determination that Mr. Maddox is less limited than his testimony suggests.

Mr. Maddox's fourth argument consists of boilerplate language suggesting that the ALJ assigned inadequate weight to the opinions of his treating physicians. Pl. Mot. 39-40. Mr. Maddox does not specify which of his treating physicians issued opinions, if any. In fact, the record does not indicate that any of Mr. Maddox's treating physicians issued opinions suggesting an inability to perform substantial gainful employment. The ALJ's review of the medical evidence included a thorough summary of the treatment records relating to his various issues. (Tr. 18-19). As a result of the lack of opinions issued and the evidence of review and consideration of the treatment notes, I find no error in the ALJ's evaluation of evidence from Mr. Maddox's treating physicians.

Mr. Maddox further contends that the hypothetical posed to the VE was insufficient because it did not include limitations relating to pain or medication side effects. Pl. Mot. 40-45. However, the ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)). As noted above, the ALJ made an adverse credibility finding, suggesting that he rejected some of Mr. Maddox's reports of debilitating pain in light of contradictory medical records. *See, e.g.,* (Tr. 16-22). With respect to medication side effects, the medical records do not support any significant side effects actually suffered by Mr. Maddox, other than standard drowsiness, which does not suggest disability. *See, e.g. Burns v. Barnhart*, 312 F.3d 113, 131 (3rd Cir. 2002) (noting that drowsiness "often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations."). Finally, the ALJ addressed Mr. Maddox's mental impairment and pain by limiting him to simple, unskilled work that was not at production pace or assembly line work. (Tr. 16, 20).

Finally, Mr. Maddox asserts that the ALJ did not properly consider his disability rating

from the Veterans' Administration ("VA"). Pl. Mot. 37 n. 36; Pl. Reply 2-3.[2] Citing *Bird v. Commissioner, Soc. Sec. Admin.,* 699 F.3d 377 (4th Cir. 2012), Mr. Maddox contends that the VA disability determination was entitled to substantial weight. Pl. Reply 2-3. However, the VA award letter is dated June 19, 2013. (ECF No. 23). Therefore, it could not have been uncovered by the ALJ, who considered Mr. Maddox's claim in 2011, or submitted to the Appeals Council, which completed its review in 2012. Section 405(g) generally precludes a court from considering evidence outside the record before the Commissioner during the administrative proceedings, and directs instead that remand is appropriate where evidence is new, material, and there is good cause for failure to submit the evidence in a prior proceeding. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). Thus, the initial question is whether the VA decision, which was submitted for the first time in this Court, constitutes "new and material" evidence warranting remand for consideration. *See* 42 U.S.C. § 405(g). New evidence is only material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011) (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991)). However, the VA decision is not "material" because the VA award letter is consistent with the ALJ's conclusion that there are jobs Mr. Maddox can perform. (ECF No. 19, Exh. A at 3 ("Your claim for individual unemployability was denied because the evidence does not show you are unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."); *id.* at 11-12 (noting that Mr. Maddox's back condition and major depressive disorder do not render him "unemployable.")). Because the ALJ is charged with considering non-service related impairments as well as service-related impairments, the VA determination would not preclude a finding of disability, but it also does not support such a finding. The ALJ already considered the impairments that were considered by the VA, including depression, which is the largest component of the VA ruling, constituting a fifty percent disability evaluation. Notably, the VA did not find that the depression caused "occupational and social impairment." *Id.* at 9. Because there is no reasonable possibility that the VA's analysis would have altered the ALJ's conclusions, I cannot determine that the award letter was material and needed to be considered.

For the reasons set forth herein, Plaintiff's motion for summary judgment, (ECF No. 14), will be DENIED, and the Commissioner's motion for summary judgment, (ECF No. 18), will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Mr. Maddox's reply does not include page numbers, so the pages were counted for purposes of citation.